IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 3:13-cr-00281-O-4 |
| | § | |
| AUSTREBERTA MACEDO-FLORES, | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is defendant Austreberta Macedo-Flores' ("Defendant") motion for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 582. Having considered the motion, the facts of the case, and the applicable law, the Court finds that the motion should be and is hereby denied.

**I.   BACKGROUND**

In 2014, Defendant was convicted of one count of conspiracy to possess with intent to distribute a controlled substance and two counts of possession with intent to distribute a controlled substance. ECF No. 460. The Court sentenced her to one hundred forty-four months' imprisonment, and her scheduled release date is October 6, 2023.

Defendant filed numerous motions attempting to have her sentence reduced and/or overturned. *See* ECF No. 533 (commutation of sentence); ECF No. 553 (Section 2255 motion); ECF No. 554 (modification of sentence); ECF No. 572 (successive Section 2255 motion); ECF No. 578 (emergency motion to reduce via the First Step Act). The Court denied all these motions.

Defendant then filed the instant motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 582. Later, she filed additional documents in support of the motion, which the Court has considered. ECF No. 583.

## II.     LEGAL STANDARD

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed. *See* 18 U.S.C. § 3582(c). But under § 3582(c)(1)(A), as amended by the First Step Act of 2018, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies[1], may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i))); *see also id.* at 693 n.1. When deciding whether to modify a term of imprisonment, the court must "consider [] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

Of course, it is well-settled that "neither the policy statement" of the Sentencing Commission "nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Nevertheless, the policy statement and its accompanying commentary are not irrelevant. "Courts should still look to the policy statement for guidance in determining what constitute 'extraordinary and compelling reasons' for sentence reduction when a prisoner files a compassionate release motion." *United States v. Fournier*, Criminal No. 4:12-CR-276-SDJ, 2022 WL 1645085, at *4 (E.D. Tex. May 24, 2022) (citing *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)).

---

[1] There is no indication that Defendant exhausted all BOP remedies before filing this motion for compassionate release. Nevertheless, the Fifth Circuit has held that § 3582(c)(1)(A)'s exhaustion requirement is a nonjurisdictional claim-processing rule. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert denied*, 141 S. Ct. 920 (2020). Whether the petitioner exhausted her BOP remedies is an issue that the Court should not raise *sua sponte*. *See United States v. McLean*, No. 21-40015, 2022 WL 44618, at *1 (5th Cir. Jan. 5, 2022) (per curiam). Here, the Government has not been asked to file a response, so there is no exhaustion argument before the Court. Accordingly, the Court will address the merits of Defendant's claims.

### III.   ANALYSIS

Liberally construing her filing and supplement, Defendant claims that a compassionate release is warranted because of (1) the COVID-19 pandemic generally, and (2) her health issues. *See* ECF Nos. 582, 583.

As for the general threat of COVID-19, courts routinely hold that this is not an extraordinary and compelling circumstance warranting compassionate release. It is well-established that the mere existence of COVID-19 and a prisoner's general concerns of acquiring it do not—standing alone—provide "extraordinary and compelling" reasons for sentence reduction. *See*, *e.g.*, *Thompson*, 984 F.3d at 435. ("Fear of COVID doesn't automatically entitle a petitioner to release."); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").

Further, according to records that the Government submitted in response to Defendant's last compassionate release motion, Defendant is vaccinated against COVID-19. ECF No. 580-1. "Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines precludes the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A)." *United States v. Gibson*, No. CR 14-86, 2021 WL 3164176, at *2 (E.D. La. July 27, 2021).

As for her medical conditions, Defendant submitted some records showing that she has been diagnosed with a variety of ailments including, among other things, diabetes, hypertension, asthma, and obesity. ECF No. 583 at 11. While, again, not binding here, the policy statement provides that extraordinary and compelling reasons exist for compassionate release regarding the

medical condition of the defendant if "(i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)….[or] (ii) the defendant is—(I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of that aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13

But the simple diagnoses of non-terminal ailments like Defendant's, without any other facts regarding the severity of the ailments and their ability to be managed while incarcerated, do not justify compassionate release. *See*, *e.g.*, *United States v. Mondragon*, No. 4:18-CR-132 (5), 2021 WL 951797, at *4 (E.D. Tex. Mar. 12, 2021) ("According to the CDC, 42.5% of the adult population in the United States is obese, 73.6% is overweight, and nearly half has hypertension. In addition, the CDC reports that 34.2 million people in the United States, approximately 10.5% of the population, have diabetes. Of those, 90 to 95% have Type 2 diabetes. Due to their prevalence, obesity, hypertension, and diabetes cannot be deemed "extraordinary" in order to merit compassionate release."); *United States v. Long*, Criminal No. 3:14-CR-0367-B-2, 2021 WL 949757, at *2 (N.D. Tex. Mar. 21, 2021) (refusing to find laundry list of medical conditions, including asthma, benign hypertension, obesity, and hepatitis C, amounted to extraordinary and compelling circumstance when the petitioner presented "no argument or evidence as to the manageability of these conditions").

Because Defendant does not include any argument or evidence about the manageability of her conditions, the Court cannot determine that they, alone or combined, amount to an extraordinary and compelling circumstance justifying compassionate release.

Defendant also complains that a guard injured her shoulder and/or arm when handcuffing her. ECF No. 583 at 1-5. But there is no indication from the records before this Court that this injury has had any debilitating effect on Defendant or that she is not expected to recover from it. The medical records provided show "no fracture or malalignment." ECF No. 583 at 19. Defendant's shoulder or arm injury does not warrant compassionate release.[2]

In addition, based on the record as a whole and after weighing the 18 U.S.C. § 3553(a) sentencing factors, the Court finds in its discretion that they do not support Defendant's request for a sentence reduction. *See Chambliss*, 948 F.3d at 692-93 (finding "compassionate release is discretionary, not mandatory"). The nature and circumstances of Defendant's offense and her history and characteristics, as outlined in details in the Presentence Report and the Government's response to the same, do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of her offense, promote respect for the law, provide just punishment, adequately deter criminal conduct, or protect the public from further crimes.

### IV.   CONCLUSION

It is **ORDERED** that defendant Austreberta Macedo-Flores' motion for a compassionate release (ECF No. 582) is **DENIED**.

**SO ORDERED** this 24th day of February, 2023.

Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Defendant is trying to make an excessive force claim against a jailer or claiming that the prison did not properly process her grievances, a motion for compassionate release is not the proper vehicle to bring such civil rights claims. *See, e.g.*, *United States v. Coutinho-Silva*, Criminal Action No. 10-002, 2022 WL 3448636, at *5 (E.D. Pa. Aug. 17, 2022) ("Construed as a claim that he is being held in unconstitutional conditions of confinement, a motion for compassionate release is not the proper vehicle to bring such a claim.") (citing *Leamer v. Fauver*, 288 F.3d 532, 543 (3d Cir. 2002); *Doe v. Pa. Bd. of Prob. & Parole*, 513 F.3d 95, 99 n.3 (3d Cir. 2008)); *see also United States v. Smith*, Case No. 3:17-cr-00025-TMR-1, 2020 WL 6702173, at *6 n.8 (S.D. Ohio Nov. 13, 2020) (collecting cases) ("With respect [to] Smith's argument concerning the Eighth Amendment's prohibition on the infliction of cruel and unusual punishments, a compassionate release motion is not the appropriate mechanism or vehicle to raise such claims of alleged constitutional violations.").